928 F.2d 411
 12 ITRD 2568
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOHN D. BRUSH & CO., INC., Appellant,
v.
U.S. INTERNATIONAL TRADE COMMISSION, Appellee.
 No. 90-1315.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1991.
 
 ITC
 AFFIRMED.
 Before MAYER, PLAGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The order of the International Trade Commission terminating its investigation under section 337 of the Tariff Act of 1930, 19 U.S.C.A. Sec. 1337 (West Supp.1990), after finding no infringement of U.S. Patent No. 4,048,926 (the '926 patent) or U.S. Design Patent No. 289,582 by the accused imported insulated security chests, is affirmed.
 
 OPINION
 
 2
 The finding that the test results showed the FF330 did not perform the identical function as called for in claim 1, clause d, namely substantially seal the jamb region as set out, is supported by substantial evidence. Accordingly, there could be no literal infringement of the '926 patent under 35 U.S.C. Sec. 112 para. 6 (1988), whether or not the Commission correctly considered equivalents of the structure of the jamb sealing means. We say this because literal infringement of a means plus function claim under section 112, paragraph 6, exists only when the accused device performs the identical function claimed in the patent and the structure of the accused device is equivalent to the corresponding structure disclosed in the specification. Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 934, 4 USPQ2d 1737, 1739 (Fed.Cir.1987). So Brush's argument that the "fundamental error" of the Commission was its failure to construe the means plus function recitation of clause d to cover equivalents of the disclosed structure misses the mark.
 
 
 3
 The Commission did not require the resin material to fuse the door to the box, it required only what claim 1, clause d called for: substantial sealing of the jamb region. It found that damage to the contents of the box during the 20 and 30 minute tests showed that a seal as described in the claims did not exist. It was entitled to accord the testimony of Brush's expert witness, Rossington, diminished weight based on its evaluation of the credibility of the videotaped test. Credibility determinations will not be disturbed on appeal absent exceptional circumstances not present here. Carosella v. United States Postal Serv., 816 F.2d 638, 641 (Fed.Cir.1987).
 
 
 4
 The Commission's definition of "ambient fire" arises from the claim language and correctly follows our advice in Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 867, 228 USPQ 90, 93 (Fed.Cir.1985), that particular limitations or embodiments appearing in the specification will not be read into the claims. Brush suggests that its alternative definition is supported by the specification, but the tests appearing there merely describe means of measuring fire resistance, they do not define "ambient fire" as used in the patent. Brush's argument that clause d should be construed to cover any safe in which the jamb region is sealed against the passage of hot gases by means of the structure disclosed in the '926 patent or its equivalents is correct, but its construction of what the '926 patent covers and what its equivalents include is too broad. The fact that some of the safes tested did protect their contents is insufficient, standing alone, to prove that the FF330 infringes because Brush concedes that noninfringing fireproof safes may exist.
 
 
 5
 The finding that there was no infringement under the doctrine of equivalents is also supported by substantial evidence. The Commission correctly considered the prosecution history to determine the range of equivalents available to the '926 patent. See Texas Instruments, Inc. v. United States Int'l Trade Comm'n, 805 F.2d 1558, 1571, 231 USPQ 833, 841 (Fed.Cir.1986). After examining the prior art, it decided that a fire-resistant safe with a sealing jamb was old but that the use of a combustible resin, arranged to prevent the conduction of heat through the jamb and able to effect a seal using a charred resin residue and plasticized resin within the jamb, was new. So claim 1 was broad with respect to the combustible materials used in the safe's construction, but narrow with respect to the way the safe seals during a fire. Even if the FF330 performs substantially the same function and achieves substantially the same result as claim 1 of the patent, it does not perform the function in substantially the same way. Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950). Brush did not show that respondents did any more than legitimately design around the patent.